# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2025

Lyle W. Cayce
Clerk

No. 25-10386
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Fabian Hernan Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:24-CR-44-1

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Fabian Hernan Hernandez appeals his conviction for possession with intent to distribute methamphetamine, contending that the district court erred by denying his motion to suppress evidence. Because we agree with the district court's determination that the good-faith exception to the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

exclusionary rule applies, we affirm. *See United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005).

Where, as here, a search warrant is involved, we employ "a two-step process for reviewing a district court's denial of a motion to suppress." *United States v. Cavazos*, 288 F.3d 706, 709 (5th Cir. 2002). First, we determine "whether the good-faith exception to the exclusionary rule applies." *Id.* Under the good-faith exception, "where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the information's truth was objectively reasonable, the evidence obtained from the search will not be excluded." *Id.*

The good-faith exception does not apply if the warrant affidavit is "so lacking in probable cause as to render belief in its existence unreasonable." *United States v. Morton*, 46 F.4th 331, 336 (5th Cir. 2022) (en banc). Contrary to Hernandez's arguments, the warrant affidavit for the search of his residence was not bare bones. The warrant affidavit sets out sufficient facts confirming that the confidential informant (CI) in this case was reliable and truthful and that the CI had a sufficient basis of knowledge for his assertions about Hernandez's drug trafficking activity, which was based on the CI's recent observations of Hernandez's possession of distribution-level quantities of methamphetamine as well as Hernandez's statement, made within 48 hours of the warrant application, that he would have methamphetamine to sell to the CI. That agents did not independently corroborate the CI's information prior to obtaining the search warrant is immaterial, as the CI was not an anonymous tipster. *Cf. Florida v. J.L.*, 529 U.S. 266, 270 (2000); *Alabama v. White*, 496 U.S. 325, 329 (1990).

Critically, Hernandez errs by considering each piece of information in a vacuum rather than as "closely intertwined issues" that collectively "illuminate the commonsense, practical question whether there is 'probable

No. 25-10386

cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Taken together, Hernandez's link to the 2022 seizure of 11 pounds of methamphetamine, the CI's recent observations of large quantities of methamphetamine in Hernandez's residence, and the CI's incriminating conversation with Hernandez sufficed both to demonstrate the CI's reliability and to show a fair probability that methamphetamine would be found in Hernandez's house. *See United States v. Turner*, 125 F.4th 693, 708 (5th Cir. 2025). Thus, the good-faith exception applies here. As such, we do not reach Hernandez's alternative argument that the magistrate did not have a substantial basis for finding probable cause for the search. *See Cavazos*, 288 F.3d at 709.

The judgment is AFFIRMED.